IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MILDRED D. AL-KHALILI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:12-cv-00347 |
| ) | Judge Nixon |
| CAROLYN W. COLVIN, ) | Magistrate Judge Brown |
| Acting Commissioner of Social Security, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Plaintiff Mildred D. Al-Khalili's Motion for Judgment on the Administrative Record ("Motion"). (Doc. No. 11.) Magistrate Judge Brown issued a Report and Recommendation ("Report"), recommending Plaintiff's Motion be denied and the Commissioner's decision be affirmed. (Doc. No. 19 at 28.) Plaintiff filed Objections to the Report (Doc. No. 20) and Defendant filed a Response to Plaintiff's Objections (Doc. No. 21). Upon review of the Magistrate Judge's Report and for the reasons discussed herein, the Court **ADOPTS** the Report in its entirety and **DENIES** Plaintiff's Motion.

### I. BACKGROUND

*A. Factual and Procedural Background*

The Court adopts the statement of facts and procedural history put forth in Magistrate Judge Brown's Report. (Doc. No. 19 at 1–15.)

On August 21, 2013, Magistrate Judge Brown entered a Report and Recommendation recommending Plaintiff's Motion for Judgment on the Administrative Record be denied and that the Commissioner's decision be affirmed. (Doc. No. 19 at 28.) Plaintiff filed a timely Objection to the Report and Recommendation on September 4, 2013. (Doc. No. 20.) Plaintiff claims the

1

ALJ "applied the wrong medical-vocational 'grid' rule" (Doc. No. 20 at 1), and that under the correct rule, Plaintiff is entitled to a partially favorable decision finding claimant disabled as of May 9, 2007 (Doc. No. 20 at 22).

## II.  STANDARD OF REVIEW

The Court's review of the Report is *de novo*. 28 U.S.C. § 636(b) (2012). This review, however, is limited to "a determination of whether substantial evidence exists in the record to support the [Commissioner's] decision and to a review for any legal errors." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Title II of the Social Security Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, the reviewing court will uphold the ALJ's decision if it is supported by substantial evidence. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Substantial evidence is a term of art and is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Garner*, 745 F.2d at 388 (quoting *Richardson v. Perales*, 402 U.S 389, 401 (1971)). It is "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 245 (6th Cir. 1996) (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

"Where substantial evidence supports the [Commissioner's] determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc)). This standard of review is consistent with the well-settled rule that the reviewing court in a disability hearing appeal is not to weigh the evidence or make credibility determinations because these factual determinations are left to the ALJ and to the Commissioner.

*Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). Thus, even if the Court would have come to different factual conclusions as to the Plaintiff's claim on the merits than those of the ALJ, the Commissioner's findings must be affirmed if they are supported by substantial evidence. *Hogg*, 987 F.2d at 331.

### III. PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT

Plaintiff objects to the Report on three grounds: (1) the Magistrate Judge erred by finding that the ALJ applied the correct medical-vocational grid rules (Doc. No. 20 at 4); (2) the ALJ erred by applying Social Security Rule 83-12(2)(c) (Doc. No. 20 at 19); and (3) the ALJ's analysis under Social Security Rule 83-12(2)(c) was erroneous (Doc. No. 20 at 17–19). The Court considers each of these arguments in turn.

*A. Plaintiff's Argument that the ALJ Failed to Consider Her Exertional Capacity Under the Medical-Vocational Guidelines*

The ALJ determines disability by applying a five-step analysis. Steps one through four require the ALJ to determine, sequentially: (1) whether the claimant is working; (2) whether the alleged impairment is severe; (3) whether the impairment meets or equals a listed impairment and thus has a certain level of severity; and (4) whether the claimant can still do past relevant work. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010). The claimant has the burden of proof at each step. *Id.*

At step five of the disability determination process, the burden shifts to the Social Security Administration ("SSA") to prove substantial work exists in the national economy that the claimant is capable of performing. 20 C.F.R. § 416.912(g) (2012). The SSA may use the grids found in 20 C.F.R. pt. 404, subpt. P, app. 2 to meet this burden. *Kyle*, 609 F.3d at 855.

The grids sort occupations into categories—sedentary, light, medium, heavy, and very heavy—corresponding with the minimum physical exertion requirements necessary to perform that work on a regular basis, sedentary work requiring the least exertion and very heavy work the most. 20 C.F.R. § 404.1567. Each grid work level includes a description of the minimum physical exertion requirements ("primary strength activities") that a claimant must be fit to perform to be "considered capable of performing a full or wide range of . . . work" corresponding with that grid rule. 20 C.F.R. § 404.1567(b). Where a claimant's abilities do not match the grid but fall somewhere in between the exertional categories, the ALJ must consider other evidence, "including a description of the duties of specifically identifiable jobs . . . matched to the individual claimant's age, education, experience and functional restrictions." *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 540–41 (6th Cir. 1981); SSR 83-12(c).

Plaintiff contends that the ALJ erred at this step by failing to consider which grid rule, if any, should apply to Plaintiff in light of her exertional limitations. (Doc. No. 20 at 2.) However, the ALJ's decision shows that she properly considered Plaintiff's exertional limitations in light of the physical exertion requirements described in the grids. Upon considering the grids, the ALJ found Plaintiff was "able to perform [only] a limited range of light work." (Doc. No. 19 at 27); (Doc. No. 9 at 23–24) ("claimant's ability to perform all or substantially all of the requirements of [the light work level] has been impeded"). Because Plaintiff was incapable of performing substantially all of the primary strength activities described in the light work guideline, the ALJ concluded that Plaintiff's exertional capabilities did not precisely match the exertional requirements of the light work guideline, but exceeded the exertional requirements of the sedentary guideline. (Doc. No. 9 at 23.) Thus, Plaintiff's exertional limitations were "somewhere 'in the middle' in terms of the regulatory criteria for exertional ranges of work,"

4

SSR 83-12(2)(c): greater than the requirements for sedentary work, but less than the full range of activities required for the light work. (Doc. No. 9 at 23–24.)

Thus, the ALJ properly considered which grid should apply and concluded that because Plaintiff's exertional capacity did not coincide with any of the ranges of work described in the grid, the grid was not useful for rendering a conclusion about what jobs Plaintiff was capable of performing.

### B. Plaintiff's Argument that Social Security Rule 83-12(2)(c) Does Not Apply

Plaintiff argues that her exertional capacity is so reduced that it does not fall in between the light and sedentary work guidelines within the meaning of SSR 83-12(2)(c). Plaintiff contends that where the "exertional capacity for the higher level [light work] is significantly reduced," then the lower sedentary work guideline applies. (Doc. No. 20 at 19 (citing SSR 83-12(2)(b) ("if the exertional capacity is significantly reduced . . . it could indicate little more than the occupational base for the lower rule"))).

SSR 83-12(2)(b) is inapplicable here because substantial evidence supports the ALJ's finding that the claimant's exertional capacity falls between the light work and sedentary work guidelines. The grids provide descriptions of primary work activities that a claimant must be able to perform to be deemed capable of performing that level of work on a regular basis. These primary strength activities can be broken down into "weight-bearing" requirements and "standing and walking" requirements. *See* 20 C.F.R § 404.1567. The ALJ found that both claimant's weight-bearing and walking and standing capacities fell between the light work and sedentary work guidelines. (*See* Doc. No. 9 at 19, 23–24.)

As to the weight-bearing requirements, the ALJ found Plaintiff was able to lift "15 pounds occasionally and five to 10 pounds frequently." (Doc. No. 9 at 19.) Plaintiff's exertional

5

capacity exceeded the requirements of sedentary work, which involves "lifting no more than 10 pounds at a time." 20 C.F.R § 404.1567(a). "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighting up to 10 pounds." 20 C.F.R § 404.1567(b). Plaintiff's residual functional capacity met the second weight-bearing requirement of light work, but Plaintiff's ability to lift up to 15 pounds occasionally fell between the 20 pounds required for light work and the 10 pounds required for sedentary work. Thus, Plaintiff's weight-bearing capacity fell between the requirements of light work and sedentary work. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 537 (6th Cir. 2001) (finding claimant's exertional capacity fell between work ranges because their ability to lift 30 pounds fell between the 50 pounds required for medium work and the 20 pounds required for light work).

As to the standing and walking requirements, the ALJ found that the claimant was able to "stand or walk four hours in an eight-hour workday[] and sit six hours in an eight-hour workday." (Doc. No. 9 at 19.)[1] Sedentary work requires the capacity to stand or walk for "no more than about two hours of an 8-hour workday." SSR 83-10. Light work requires "a good deal of walking or standing." *Id.* A good deal of walking or standing "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." *Id.* Thus, Plaintiff's ability to stand or walk falls squarely between the requirements of light work and sedentary work. *See Coulter v. Comm'r of Soc. Sec.*, 24 F. App'x 305, 306 (6th Cir. 2001) (finding claimant's exertional capacity fell between work guidelines where claimant was "unable to walk or move about as set forth in the 'light work' guideline, but . . . was clearly able to lift more than that ten pound maximum set out in the 'sedentary work' guideline").

---

[1] Plaintiff accepts this finding, but asserts it nonetheless directs a conclusion of disabled under the Medical-Vocational rules. (Doc. No. 20 at 4.) Plaintiff later observes, without factual support, that she believes the residual functional capacity ("RFC") finding "overstated the capacities to stand and walk." (Doc. No. 20 at 19.)

Upon review of the ALJ's report, the Court finds substantial evidence supports the ALJ's conclusion that Plaintiff's exertional capacity fell between the light work and sedentary work guidelines. Thus, the ALJ did not err by finding SSR 83-12(2)(c) applied.

C. *Plaintiff's Argument that ALJ's Analysis Under Social Security Rule 83-12(2)(c) was Erroneous*

Where the ALJ has determined that Plaintiff "could perform [only] a limited range of light work, the grid guidelines, which reflect only common—and not all—patterns of vocational factors, are not binding." *Anderson v. Comm'r of Soc. Sec.*, 406 F. App'x 32, 35 (6th Cir. 2010) (citing SSR 83-12(2)(c)). At this step, the ALJ may abandon grid analysis and consult a vocational expert to determine whether there is a "significant number" of jobs in the geographic region that the Plaintiff can perform given their exertional and nonexertional limitations.[2] 20 C.F.R § 404.1566(b); *see, e.g., Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 375 (6th Cir. 2006) (finding as few as "870 jobs can constitute a significant number in the geographic region"); *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988) (finding "proof of more than 1350 jobs in the local economy which [claimant] could perform despite his reduced capacity established the existence of work in significant numbers").

Consistent with the rule, the ALJ consulted a vocational expert who testified that the local economy offers 4,100 jobs that Plaintiff is capable of performing. (Doc. No. 9 at 24.)

---

[2] Plaintiff contends that SSR 83-12(2)(c) requires the ALJ to conduct a "second tier" analysis of the grid rules. (Doc. No. 20 at 15). Plaintiff directs the Court's attention to *Lounsburry v. Barnhart*, 468 F.3d 1111 (9th Cir. 2006), to support the argument that the ALJ must consult the grids under SSR 83-12(2)(c), even after the ALJ has concluded that Plaintiff's exertional profile did not lend itself to strict grid analysis because it did not match any of the work ranges described in the grid. (Doc. No. 20 at 15.) Because SSR 83-12(2)(c) serves as an alternative to grid analysis, Plaintiff's interpretation would defeat the purpose of the rule. Additionally, *Lounsburry* supports this Court's assessment that "[t]he grids should be applied only where a claimant's functional limitations fall into a standardized pattern 'accurately and completely' described by the grids." *Id.* at 1115 (citing *Tackett v. Apfel*, 180 F.3d 1094, 1103 (9th Cir. 1999)).

Thus, there exist a substantial number of jobs in the geographic region that Plaintiff is capable of performing.

Plaintiff posits that the VE's testimony that the light work occupational base was between eighty-four and ninety percent eroded (Doc. No. 9 at 53–54) provided evidence that Plaintiff's exertional capacity did not fall between the light work and sedentary work base. (Doc. No. 20 at 17–19.) Rather, such substantial erosion of the occupational base proved Plaintiff was capable of performing little more than the jobs corresponding with the sedentary table. (*Id.*) In light of the occupational erosion and Plaintiff's age, Plaintiff concludes that the claimant was entitled to a decision of "disabled." To support this position, Plaintiff cites Rule 201.10, which directs a finding of disabled for claimants between ages fifty and fifty-four that are unable to perform work requiring physical exertion beyond the activities described in the sedentary work rule. (*Id.* at 15.) *See* 20 C.F.R. pt. 404, subpt. P, app. 2, rule 201.00(g).

However, as described above, Plaintiff's exertional capacity exceeds the sedentary level, and the "either-or" approach to the Medical-Vocational Guidelines advocated by Plaintiff is not supported by the Social Security Rules. SSR 83-12(2)(c) envisions a scenario where a claimant's exertional profile does not coincide with any of the work descriptions in the vocational guidelines, but rather falls between ranges of work. In this scenario, the ALJ is not constrained to strict grid analysis, and the rough percentage of occupational erosion is not used, as Plaintiff prescribes, to shoehorn the claimant into a particular guideline work range. *Kirk*, 667 F.2d at 531 (observing that where the claimant's abilities do not match the grid, "expert testimony would be required to satisfy the Secretary's burden of proof regarding the *availability of jobs which this particular claimant can exertionally handle*") (emphasis added).

This argument is a close companion to Plaintiff's claim that "the correct [work level guideline] to be applied is the one at highest [sic] level the claimant can meet the exertional requirements necessary to effectively perform all, or essentially all, of the *unskilled occupations* that exist at that level." (Doc. No. 20 at 8 (emphasis added)). However, Plaintiff misstates the law. A claimant meets the requirement of a guideline if they are exertionally capable of performing substantially all of the *primary strength activities*—not *occupations*—described in the guideline. *See* SSR 83-10.

The Court finds the ALJ properly considered Plaintiff's exertional limitations in light of the medical-vocational guidelines found in 20 C.F.R. pt. 404, subpt. P, app. 2. Substantial evidence supports the ALJ's finding that Plaintiff's exertional limitations fall between the requirements of light work and sedentary work as described in the grid. Accordingly, the ALJ appropriately concluded that Plaintiff was not disabled under rule SSR 83-12(2)(c) because there are a substantial number of jobs in the geographic region that Plaintiff is exertionally capable of performing.

### IV. CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report in its entirety. Plaintiff's Motion is **DENIED** and the decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is **DIRECTED** to close the case.

It is so ORDERED.

Entered this the 4th day of February, 2015.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT